**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Anarosa C.,<br>Plaintiff,<br>vs.<br>Frank Bisignano, Commissioner of Social Securitty<br>Defendant. | Case No. 2:21-cv-01130-MDC<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES (ECF NO. 26)** |

Pending before the Court is plaintiff's counsel's *Motion for Attorney Fees* ("Motion") (ECF No. 26). The Court **GRANTS** the Motion for the reasons below.

**DISCUSSION**

**I. BACKGROUND**

The Motion relates to a Social Security action in which plaintiff sought review of the Administrative Law Judge's decision. The *Stipulation to Remand* ("Stipulation") (ECF No. 21) was granted, and judgment was entered in favor of plaintiff. *See ECF Nos. 22*, *23*. Parties then stipulated to an award of $2,800 attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which the Court granted. *ECF Nos. 24*, *25*. The Court granted the stipulation. Plaintiff's counsel now files this Motion seeking attorney fees payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC and pursuant to 42 U.S.C. § 406(b). *ECF No. 26*. Defendant did not file any opposition to the Motion.

**II. LEGAL STANDARD**

Pursuant to 42 U.S.C. § 406(b), when a claimant who is represented by plaintiff's counsel obtains a favorable judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* Where an agreement exists between the claimant and plaintiff's counsel regarding attorney's fees for such representation, the Supreme Court has

instructed that courts must generally respect "the primacy of lawful attorney-client fee agreements" in awarding fees, particularly when the agreement is within the 25% statutory cap. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Rather than replacing the fee agreements, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 809. The Ninth Circuit, in applying *Gisbrecht's* reasonableness test, considered three factors in determining the reasonableness of the attorney's fees:

> First, no reduction in fees due to substandard performance was warranted. [. . .] Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

*Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009)

## III. ANALYSIS

Plaintiff's counsel requests a fee of $12,000.00 and supports his request by providing a copy of the fee agreement. *ECF No. 26*. The fee agreement provides that the fee for successful prosecution of a matter requiring judicial review of an adverse decision of the Social Security Administration is 25% of the past due benefits upon reversal of the unfavorable decision. *See ECF No. 26-1*.

After reviewing the Motion and the supporting evidence, the Court finds that a sufficient showing has been made to request $12,000.00 in attorney fees pursuant to 42 U.S.C. § 406(b). The record does not reflect a substandard performance. Rather, plaintiff's counsel obtained a favorable result in the form of a remand and subsequent award of past due benefits. There is also no evidence of delay or dilatory conduct to increase the amount of past due benefits. Furthermore, the final requested award does not appear excessive considering the time spent on the case and the results achieved. Plaintiff's counsel represents that the effective hourly rate in this case was $839.16, which is a reasonable amount. *See, e.g.*, *Kocan v. Colvin*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 888828, at *2 (D. Nev. February 16, 2016), *report and recommendation adopted*, *Kocan v. Colvin*, No. 2:14-cv-01058-JAD-NJK, 2016 WL

884886 (D. Nev. March 7, 2016) (approving an effective hourly rate of roughly $727.00); *Melendez Meza v. Berryhill*, No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. February 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour."). Next, the requested fees are in line with both the fee agreement (ECF No. 26-1) and the statutory limits provided by 42 U.S.C. § 406(b). For good cause shown and because the Motion is unopposed, the Court finds that the requested attorney's fees of $12,000.00 are reasonable and grants plaintiff's counsel's request for such fees.

Plaintiff's counsel also requests that the $2,800 received in EAJA fees be refunded to plaintiff. *ECF No. 26* at 15. The Court grants counsel's request. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both the EAJA and Section 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee.")

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's counsel's *Motion for Attorney' Fees* (ECF No. 26) is **GRANTED**. The Law Offices of Lawrence D. Rohlfing, Inc., CPC is awarded attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,000.00.
2. Upon receipt of the $12,000.00, the Law Offices of Lawrence D. Rohlfing, Inc., CPC shall reimburse plaintiff the amount of $2,800 received as EAJA fees.

DATED: August 26, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge